O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE MUNDONGO MANUNGA,<br><br>            Petitioner,<br><br>    vs.<br><br>JUDGE LORRAINE J. MUNOZ,<br><br>            Respondent. | CASE NO. SA CV 13-1308 AG (RZ)<br><br>ORDER –<br>1.   SUMMARILY DISMISSING HABEAS ACTION WITHOUT PREJUDICE; and<br>2.   DENYING MOTION FOR APPOINTMENT OF COUNSEL |

        For the second time in four months, Petitioner has filed a misplaced challenge to her ongoing removal proceedings. As the Court told her last time (in an identically-captioned case, numbered CV 13-3051 AG (RZ)), this District Court lacks subject matter jurisdiction to entertain such challenges. As before, the Court will dismiss this 28 U.S.C. § 2241 habeas action summarily and deny her motion for appointment of counsel.

        Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (which Rules apply to this Section 2241 case as well, *see* Rule 1(b), Rules Governing Section 2254 Cases) provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

     Petitioner is a Congolese national who challenges her prospective removal. Among other things, she challenges an Immigration Judge's decisions to find her deportable based on a 2010 California felony conviction and to deny her application for cancellation of removal.

     With certain exceptions not applicable here, district courts lack subject matter jurisdiction to review removal decisions. Since the enactment of the REAL ID Act of 2005, the only means of judicial review of an order of removal is "a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5). Subsection (b)(9) of the same statute makes clear that all legal and factual challenges relating to removal orders are cognizable only in such a Court of Appeals petition, not in a habeas proceeding under 28 U.S.C. § 2241 or any other challenge. 8 U.S.C. § 1252 requires dismissal of this action for lack of jurisdiction.

     For the foregoing reasons, the Court DISMISSES this action without prejudice. Petitioner's motion for appointment of counsel is DENIED WITHOUT PREJUDICE AS MOOT.

DATED: AUG 31, 2013

ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE